UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

William L. Ostrander,
Joyce M. Ostrander,

Debtors

Chapter 7

Bankruptcy No. 22-00481

# ORDER RE: DEBTORS' MOTION TO AVOID LIEN WITH UNION STATE BANK

This matter came before the Court on November 18, 2022. Kevin Ahrenholz appeared for Debtors, William L. Ostrander and Joyce M. Ostrander ("Debtors"). Peter Chalik appeared for Creditor Union State Bank ("Bank"). The Court heard argument and took the matter under advisement on the papers submitted. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF THE CASE

Before the Court is Debtors' Motion to Avoid Lien with Union State Bank (ECF Doc. 14) and Union State Bank's Objection to Homestead Exemption (ECF Doc. 28).

## BACKGROUND

Debtors entered into a loan contract with Bank in the amount of $74,079.95 on October 6, 2016. (ECF Doc. 19). On March 14, 2019 Debtor William Ostrander

inherited Debtors' homestead (the "Homestead") from his aunt Rosella Rhoda. (ECF Doc. 25). Ms. Rhoda built the house in 1946 and raised William as her son after his mother passed away. (Id.). Eventually, Debtors defaulted on their obligation to Bank. (Id.). Bank filed its Petition for Money Judgment in the Iowa District Court for Linn County against Debtors on November 7, 2019. (Id.). Bank recorded a judicial lien against the Debtors' residence on December 27, 2019. (ECF Doc. 14). Debtors filed for Chapter 7 bankruptcy on August 17, 2022. (ECF Doc. 1). Debtors claimed a homestead exemption for the Homestead in Debtors' Schedule C. (Id.).

Debtors filed a Motion to Avoid Judicial Lien seeking to avoid the Bank's lien on the Homestead. (Id.). Bank argues the debt is antecedent to Debtors' inheritance of the homestead and thus their homestead exemption does not protect the homestead. (ECF Doc. 28). Debtors argue that because William Ostrander inherited the Homestead, Ms. Rhoda's homestead exemption continues to protect the Homestead in his hands. (ECF Doc. 25).

## DISCUSSION

The filing of a bankruptcy petition and commencement of a case creates a bankruptcy "estate." 11 U.S.C. § 541(a). Apart from exceptions not relevant here, a bankruptcy estate "is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Generally,

2

a debtor may exempt certain property from the bankruptcy estate under section 522(d) of the Bankruptcy Code or under state and federal non-bankruptcy law. 11 U.S.C. § 522(b). "A state may 'opt out' of the Bankruptcy Code's § 522(d) exemptions, which Iowa has done." In re Goben, 499 B.R. 326, 328 (B.A.P. 8th Cir. 2013) (citing 11 U.S.C. § 522(b)(2) and Iowa Code § 627.10).

Debtor claimed a homestead exemption in property that he inherited by devise from his aunt. Iowa law provides: "The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary." Iowa Code § 561.16. Another section states: "The homestead may be sold to satisfy the debts of each of the following classes," including debts "contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution." Iowa Code § 561.21(1).

Debtor argues that the phrase "its acquisition" refers to the devisor's purchase of the property rather than to Debtor's receipt of the property by devise. The cases and the Code do not bear this out. Four years after the enactment of Iowa's current Homestead chapter, a commentator correctly noted that a "problem arises in these four states [including Iowa] if the homestead is acquired by descent or devise and if liability has been incurred

3

by the heir or devisee prior to such acquisition." George L. Haskins, Homestead Exemptions, 63 Harv. L. Rev. 1289, 1302 (1950).

That commentator offered a comparison between Iowa and Kentucky law that is useful here:

> In Kentucky, where the statute excepts obligations created "prior to purchase of the land," the courts have recognized that the policy of preventing the transformation of nonexempt into exempt property does not require that liabilities incurred prior to acquisition by descent or devise should by virtue of that fact be enforceable against the homestead. . . . A contrary result has been reached in Iowa, except where the homestead descends to issue of husband or wife, in which case the property is exempt by statute from all antecedent debts "except those of the owner thereof contracted prior to its acquisition." Id. at 1302 (citations omitted).

In Iowa, "[t]hose taking under a will do so by purchase, and not by descent." Rice v. Burkhart, 107 N.W. 308, 309 (Iowa 1906) (citation omitted). A purchaser acquires a new homestead right that becomes "instantly subject" to the purchaser's antecedent debts. Reusch v. Shafer, 41 N.W.2d 651, 658 (Iowa 1950). In this case, that means that Debtor acquired a new homestead right when he received this property under the will, and it was "instantly subject" to the Bank's debt.

Debtor relies on Long v. Northrup, in which the Supreme Court of Iowa discussed the "considerable difficulty" of resolving the question whether "the homestead character" of a property is lost through devise. 279 N.W. 104, 108 (Iowa 1938). This case does not appear to support Debtor's

4

arguments here.  The Supreme Court of Iowa there adopted the view later codified in current section 561.14, which is: "the owner of the homestead may devise it to whom he pleases, just as with the consent of the spouse he may sell and convey it or give it away in his lifetime."  Id.  "The owner could have conveyed it in his lifetime to the same persons named in his will, and they could maintain their title free from the claims of **his** creditors, **though not free from the claims of their own creditors** . . . ."  Id. (quoting In re Guthrie's Estate, 167 N.W. 604, 605 (Iowa 1918)) (emphasis added).

Both parties discuss Iowa Code § 561.19, which provides a special exemption for property in the hands of issue.  They both then seem to agree that discussions related to "issue" deal only with intestacy—which does not apply here because there is a will.

Debtor has a homestead exemption here.  However, under Iowa law Debtor's homestead is liable for Debtor's antecedent debts under section 561.21(1).

## CONCLUSION

Accordingly, Debtors' Motion to Avoid Lien is denied.  U.S. Bank's Objection to Debtors' Homestead Exemption is sustained.

5

Ordered: April 5, 2023

_____
Thad J. Collins
Chief Bankruptcy Judge